1  Celia McGuinness (SBN 159420)
   *cmcguinness@mcguinness-legal.com*
2  Deborah Gettleman (SBN 267309)
   *dgettleman@mcguinness-legal.com*
3  McGUINNESS LAW GROUP, PC
   155 Grand Avenue, Suite 900
4  Oakland, CA 94612
   Telephone: (510) 439-2950
5  Facsimile: (510) 439-2951

6  Attorneys for Plaintiff
   Anthony Lewis

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 ANTHONY LEWIS,                    | CASE NO.

12        Plaintiff,                 | Civil Rights

13 v.                                |
                                     | **COMPLAINT FOR INJUNCTIVE RELIEF
14 CITY AND COUNTY OF SAN            | AND DAMAGES**
   FRANCISCO
15                                   |
          Defendants.                | 1.  Title II of the Americans with Disabilities
16                                   |     Act, 42 U.S.C. § 12132 *et seq.*
17                                   |
                                     | 2.  Section 504 of the Rehabilitation Act of
18                                   |     1973, 29 U.S.C. § 794 *et seq.*
19                                   |
                                     | 3.  California Government Code Section 11135
20                                   |
                                     | 4.  California Disabled Persons Act, Cal. Civ.
21                                   |     Code §§ 54 *et seq.*

22

23

24

25

26

27

28

**INTRODUCTION**

1.      The City and County of San Francisco ("CCSF") discriminates as a matter of policy and practice against people who use service dogs by restricting access to its services, programs and activities, most prominently its library system.  It has a policy and practice to require service animal users to provide their dogs' vaccination records as a condition of entry to public buildings.

2.      Plaintiff Anthony Lewis, who is blind and uses a service dog, was discriminated against by the City when this policy was enforced against him at the public library.  His efforts to resolve the issue formally were rebuffed.  Therefore, he brings this lawsuit to revoke the discriminatory City policy, to ensure that he, and all service dog users, have equal access to City services.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990 (ADA), 42 U. S. C. § § 12101 *et seq.*

4.      This Court has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U. S. C. § 1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

**VENUE**

5.      Venue in the Judicial District of the United States District Court for the Northern District of California is in accordance with 28 U. S. C. § 1391(b) because Plaintiff's claims arose within this Judicial District.

**PARTIES**

6.      Defendant City and County of San Francisco (CCSF of "the City") is a public entity within the meaning of Title II of the ADA.  The San Francisco Public Library is a program, service and activity of CCSF.

7.    At all times relevant to this Complaint, Plaintiff Anthony Lewis has been a resident of the East Bay in California. At all times relative to this Complaint, Plaintiff has been a person with a disability as defined in 42 U. S. C. § 12102 and California Government Code § 12926(l). Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment. Plaintiff Lewis is blind, which substantially limits the major life activity of seeing. He uses a trained service dog, Jagger, to access public places.

8.    Defendant City and County of San Francisco ("CCSF") is a municipal and county government entity.  It receives substantial federal and State financial assistance.

9.    Defendant owns and operates the San Francisco Public Library system ("the Library") as one of its programs, services and activities, including the Main Branch located at 100 Larkin Street, San Francisco, CA 94102.

**FACTS COMMON TO ALL CLAIMS**

10.    The San Francisco Public Library System includes a series of library branches, whose buildings are open to members of the general public without restriction.  Its website states, "The San Francisco Public Library welcomes all residents and visitors of the City and County of San Francisco and is dedicated to free and equal access to information, knowledge, independent learning and the joys of reading for our diverse community." https://sfpl.org/about-us/guidelines-library-use (last visited 10/1/2025). On or about April 8, 2025, Plaintiff Anthony Lewis went to the Library Main Branch to visit the Talking Books and Braille Center for the Blind ("the Talking Books Library"), as he has done many times in the past.  He brought with him his service dog, Jagger, as he always has.

11.    At the entrance, Plaintiff was stopped by a security guard who denied him entry unless he provided proof of his service dog's rabies vaccination records.

12.    On information and belief, the security guards working at the Library are agents and/or employees of CCSF, were acting within the scope of their employment in stopping Plaintiff, and that their actions were performed to benefit CCSF, within the ordinary course of their duties.

13.     When Mr. Lewis inquired about whether this was a policy and when it began, the security guard stated "look on the wall. It's been there for a year and a half," despite it being apparent that Mr. Lewis is blind and cannot see the wall.  Mr. Lewis's disability is obvious to anyone who sees him.

14.     Plaintiff Lewis had never been asked to provide proof of vaccination during his many prior visits to the Library.

15.     After being pulled out of the entrance line, Plaintiff told the security guard he did not have any vaccination records because he did not know they would be required.  In addition, he told the guard that this new policy was illegal.  The guard eventually let him enter but warned him that in the future he would be denied access unless he carried proof of Jagger's vaccination status.

16.     Plaintiff Lewis continued into the Library with Jagger.  He was stopped at the bottom of the stairs by a different security guard, who also asked to see Jagger's vaccination records.  He had to inform the guard three times that he could not see and needed his service dog with him, before he was allowed to proceed.

17.     This policy that service dog handlers must show proof of rabies vaccination before being permitted entry is posted on the Library's website. *See* https://sfpl.org/services/accessibility-services/information-people-service-and-support-animals (last visited 9/24/2025).

18.     In addition, CCSF has posted at least two signs on the wall at entrances requiring proof of service dog vaccination as a condition of entry for service dog users. These signs state, "Service and support dogs entering the Library must be up to date on rabies vaccinations and animals' handlers must have proof of current rabies vaccination." There are no Braille signs describing the policy.

19.     Plaintiff Lewis experienced significant emotional distress by the security guard's statement to "look at the wall" when it is obvious he is blind.  He felt excluded and humiliated by

1    being pulled out of line and repeatedly asked to provide proof of rabies vaccination records for

2    his service dog.

3         20.    Later that same day, Plaintiff Lewis filed a complaint with the San Francisco

4    Office on Disability and Accessibility ("ODA") (formerly the Mayor's Office on Disability),

5    requesting that the library eliminate the discriminatory and illegal policy of requiring proof of

6    vaccination for service dogs. The ODA responded on April 11, 2025, acknowledging receipt of

7    the complaint and stating the Library would investigate and respond within 30 business days.

8         21.    On May 9, 2025, the Library's interim manager, Naomi Jelks, responded to

9    Plaintiff that this was a City-wide policy. She said it was compliant with the ADA and was

10   developed in partnership with ODA and the City Attorney's office.  Plaintiff Lewis requested an

11   exception to the policy as a reasonable accommodation of his disability.  Ms. Jelks denied the

12   request.

13        22.    On August 7, 2025, Plaintiff filed a Government Claim with CCSF.  Plaintiff

14   received no response.

15        23.    As a result of these actions, Plaintiff Lewis experienced emotional distress,

16   humiliation, diminished trust in local government services and programs, anxiety about future

17   public interactions, and loss of equal access to essential government services.

18        24.    As a resident of the Bay area and a frequent user of the Library based on its

19   collection specifically directed at people with visual disabilities, Plaintiff would like to return to

20   the Library.  He cannot do so without risk of discrimination until the policy is rescinded.

21

22                              **CLAIMS FOR RELIEF**

23                         **FIRST CAUSE OF ACTION:**
     **VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**
24                      **[42 U.S.C. § 12132 *et seq.*]**

25        25.    Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads

26   and incorporates herein by reference), Defendant denied Plaintiff full and equal participation in

27   and denied Plaintiff the full benefits of the Public Library, is a program, service or activity of

28   CCSF, in violation of 42 U.S.C. § 12132.  By instituting a discriminatory policy to require proof

of vaccination records for service and support dogs in order to enter the Library; and instructing its security guards to stop and question people with service dogs at the entry to its buildings, it has discriminated against Plaintiff and other people with disabilities who use service dogs.

26.    Discrimination includes:

    a.    Establishing a City-wide policy requiring production of a service dog's vaccination records as a condition of entering a City building. 28 C.F.R. § 35.136(f).

    b.    Failure to modify policies, practices and procedures to permit the use of a service animal by a person with a disability. 28 C.F.R. § 35.136(a).

    c.    Failure to allow individuals with disabilities to be accompanied by a service animal in all areas of a public facility. 28 C.F.R. § 35.136(g).

27.    Plaintiff has been damaged and will suffer irreparable harm unless Defendant is ordered to provide Plaintiff and other blind members of the public with full and equal access to its programs, services, and activities and amend its existing policies and procedures to comport with the requirements of the ADA with respect to the enjoyment of the facilities by persons with disabilities.

28.    Plaintiff alleges that Defendant's discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendant. Plaintiff desires to fully-utilize Defendant's programs, services and activities but is deterred from doing so fully because of the discriminatory policy of conditioning entrance on provision of vaccination records of service animals. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant comply with the applicable requirements of the ADA.

29.    Defendant had actual knowledge of the discriminatory policy because first, it implemented the policy after intentional review and coordination of the Mayor's Office and the City Attorney. Second, Plaintiff alerted Defendant that the policy was illegal, by filing a

complaint with the Mayor's Office on Disability, and a government claim, in an effort to resolve the issue informally. Defendant has defended its policy and denied Plaintiff's request to modify its policies and practices. For these reasons, Plaintiff alleges that Defendant acted intentionally and with deliberate disregard for the civil rights of people with disabilities.

30.      Plaintiff was harmed by Defendant's intentional discrimination: He was segregated, humiliated, and had his disability highlighted in an unwanted and embarrassing manner. His ordinary trip to the Library became a stressful and anxiety-provoking event. Such conduct justifies an award of punitive and exemplary damages in addition to all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
### [29 U.S.C. § 794 *et seq.*]

31.      Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff has been and continues to be excluded from participation in, denied the benefits of, or subjected to discrimination by CCSF, an entity receiving federal financial assistance.

32.      Section 504 of the Rehabilitation Act of 1973 provides in relevant part: "[N]o otherwise qualified individual with a disability shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance" 29 U.S.C. § 794; 24 C.F.R. § 8.4(a). Such programs and activities are prohibited from discriminating against qualified individuals with disabilities because a "recipient's facilities are inaccessible to or unusable by individuals with handicaps." see 24 C.F.R. § 8.20.

33.      Based upon a review of publicly-available records, Plaintiff is informed and believes that at all times relevant to this action the City and County of San Francisco and the CCSF library system were and are recipients of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act ("Section 504"), including but not limited funds through the

Library Services and Technology Act.

34.    Defendant has intentionally violated Section 504 by discriminating against disabled persons, including Plaintiff by, among other things:

    (i)  Denying the opportunity to participate in or benefit from the aid, benefit, or service;

    (ii) Affording an unequal opportunity to participate in or benefit from the aid, benefit, or service;

    (iii) Otherwise limiting the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service.

34 C. F. R. § 104.4(b)(1).

35.    Plaintiff is a qualified individual with a disability within the meaning of Section 504 and is "otherwise qualified" to participate in Defendant's program, *i.e*., to visit the Library and other CCSF facilities.

    A.  Instituting a discriminatory policy to require proof of vaccination records for service and support dogs in order to enter the Library; and

36.    Instructing its security guards to stop and question people with service dogs at the entry to its buildings. By its policy and practice of discriminating against Plaintiff and other persons with disabilities, Defendant violated section 504 of the Rehabilitation Act. 29 U. S. C. § 794.

37.    Defendant's stubborn refusal to eliminate or modify its policy of requiring proof of vaccination records for service and support dogs, and refusal to provide Plaintiff and other service-dog using members of the public with equal access to its public accommodations demonstrates a knowing and conscious disregard for the law in general and the rights of disabled persons in particular. Such conduct justifies an award of punitive and exemplary damages in addition to all other relief sought.

38.    As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and losses including but not limited to anxiety, humiliation, degradation and emotional distress because of Defendant's discriminatory policies and practices.

39.     Plaintiff's harms and losses are ongoing so long as Defendant does not modify its policies and practices as prayed for above.

40.     Plaintiff has no adequate remedy at law to compensate him for the loss of opportunity to enjoy the public facility to which he is entitled and therefore seeks. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant comply with the applicable requirements of the Rehab Act.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CAUSE OF ACTION
## VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135

41.     Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff has been and continues to be excluded from participation in, denied the benefits of, and otherwise be subjected to discrimination by CCSF, a program receiving State financial assistance.

42.     Based upon a review of publicly-available records, Plaintiff is informed and believes that the CCSF library system receives financial assistance from the State of California, including but not limited to a capital improvement grant and contract funds.

43.     Plaintiff is a person with a disability within the meaning of California Government Code section 12926.

44.     Defendant denied Plaintiff full access to the benefits of its programs and activities for which Defendant receives financial assistance from the State of California, and unlawfully subjected Plaintiff and other persons with disabilities to discrimination within the meaning of California Government Code section 11135(a) on the basis of his disability. The discrimination includes:

    A. Instituting a discriminatory policy to require proof of vaccination records for service and support dogs in order to enter the Library; and

    B. Instructing its security guards to stop and question people with service dogs at the entry to its buildings.

45.     Plaintiff's injuries are ongoing so long as CCSF does not modify its policies and

1    practices and provide equal access to its public accommodations to Plaintiff and other persons

2    with vision disabilities.

3           46.    Defendant also denied Plaintiff full access to the benefits of its programs and

4    activities for which Defendant receives financial assistance from the State of California, and

5    unlawfully subjected Plaintiff and other persons with disabilities to discrimination within the

6    meaning of California Government Code section 11135(b), in that Defendant violated the

7    Americans with Disabilities Act.  A violation of the Americans with Disabilities Act is *per se* a

8    violation of section 11135(b).

9    WHEREFORE, Plaintiff requests relief as outlined below.

10

11                          **FOURTH CAUSE OF ACTION**
                **VIOLATION OF THE DISABLED PERSONS ACT**
                      **[Cal. Civ. Code §§ 54–54.1]**

12

13           47.    Based on the facts and allegations pled in this Complaint (which Plaintiff re-pleads

14    and incorporates herein by reference), Plaintiff alleges that Defendant has discriminated against

15    Plaintiff and violated his rights under the California Disabled Persons Act ("DPA"), section 54 *et*

16    *seq.* of the California Civil Code. At all times relevant to this Action, California Civil Code

17    sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated

18    against because of their physical disabilities and that they shall have full and equal use of public

19    facilities and other public places.

20           48.    Sections 54(a) and 54.1(a) of the California Civil Code state that individuals with

21    disabilities or medical conditions have the same right as the general public to the full and free use

22    of public places and public accommodations.

23           49.    Plaintiff is an individual with a physical disability as defined in California

24    Government Code section 12926. The Main Library, and other City buildings to which the illegal

25    service dog policy applies, are public accommodations within the meaning of the DPA.

26           50.    Each violation of the Americans with Disabilities Act of 1990 also constitutes a

27    separate violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently

28    justifying an award of damages and injunctive relief pursuant to California law. Plaintiff alleges

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES                                                    10

that he has been denied such full and equal access as required by California law which incorporates Title II of the ADA.

51.    The discrimination under the DPA, both under sections 54(a) and 54.1(a) and by incorporation of the ADA, includes:

A.   Instituting a discriminatory policy to require proof of vaccination records for service and support dogs in order to enter the Library; and

B.   Instructing its security guards to stop and question people with service dogs at the entry to its buildings.

52.    Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $ 1,000, and such attorneys' fees as may be determined by the Court.

53.    Plaintiff does not seek injunctive relief under section 55 of the DPA.

54.    As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and losses including but not limited to anxiety, humiliation, degradation and emotional distress because of the discrimination that he experienced and other unlawful acts of Defendant's discriminatory policies and practices.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendant:

1.    For a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant' practices and policies subjected Plaintiff to unlawful discrimination in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and pendant state law.

2.      For Claims 1-3 only, for an order enjoining Defendant, their agents, officials, employees, and all persons acting in concert with them:

        a.      From continuing the unlawful acts, policies and practices described in this Complaint;

        b.      To immediately eliminate the discriminatory policy of requiring service dog holders to provide proof of vaccination records before entry, by way of a permanent injunction;

        c.      To train each of Defendant's employees and agents in accommodating the rights and needs of persons with visual disabilities and competent interaction with people with disabilities;

        d.      To implement nondiscriminatory protocols, policies, and practices for accommodating persons with visual disabilities; and

        e.      To retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur and cannot reoccur.

3.      Plaintiff does not seek injunctive relief under Cal. Civ. Code § 55.

4.      Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

5.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

6.      Award prejudgment interest pursuant to California Civil Code § 3291; and

7.      Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  October 28, 2025              McGUINNESS LAW GROUP, PC


                                    ___*/s/ Celia McGuinness*_____
                                      By Celia McGuinness, Esq.
                                      Attorneys for Plaintiff Anthony Lewis